No. 9674.   Matter of the ESTATE OF ANNA L. O'GRADY, DECEASED. STATE OF MONTANA, APPELLANT, *v.* FIRST NATIONAL BANK OF GREAT FALLS, MONTANA, EXECUTOR, RESPONDENT.

326 Pac. (2d) 705.

Decided June 11, 1958.

*Forrest H. Anderson,* Atty. Gen., *H. O. Vralsted,* Sp. Asst. Atty. Gen., for Appellant.

*H. O. Vralsted,* Sp. Asst. Atty. Gen., argued orally for Appellant.

*Jardine, Stephenson, Blewett & Weaver,* Great Falls, for Respondent.

*John D. Stephenson,* Great Falls, for Respondent.

Per Curiam.

This appeal is from an order of the District Court of Cascade County which excluded an annuity policy valued at the sum of $10,630.92 from inheritance tax as exempt under the provisions of section 91-4406, R.C.M. 1947.

This case is a counterpart of cause No. 9631, In Matter of Estate of Hammerstrom, 133 Mont. 469, 326 Pac. (2d) 699. What is said in that opinion applies herein.

The judgment of the District Court is affirmed.

In this cause, DISTRICT JUDGE W. R. FLACHSENHAR sat in place of MR. JUSTICE BOTTOMLY.

MR. JUSTICE ADAIR: (dissenting).

On July 21, 1954; Anna O'Grady, aged 85 years and resident of Great Falls, Montana, died leaving an estate valued in excess of $1,900,000. Included in such estate was a contract which provided that upon the payment of the sum of $50,000 as a single premium to Aetna Life Insurance Company said Anna O'Grady was to receive certain semiannual payments for the rest of her life and upon her death, said payments were to continue to one James O'Grady, if living, and if not living, or in the event of his death later, then said payments were to be made to one Lucy Wheeler, if living, and to continue until Lucy Wheeler's death.

The semi-annual payments provided for in the contract had been made to Anna O'Grady from the year 1937 until the date

of her death. At the date of Anna O'Grady's death, James O'Grady was deceased but Lucy Wheeler was then living.

The value of the prospective future payments to Lucy Wheeler at the death of Anna O'Grady in 1954 was $10,630.92. The State of Montana asserted such value to be subject to inheritance tax while the estate contended that such proceeds were insurance proceeds and therefore exempt from tax by reason of the provisions of R.C.M. 1947, section 91-4406.

In line with my dissent in the case of In Matter of Estate of Hammerstrom, Appeal No. 9631, 133 Mont. 469, 326 Pac. (2d) 700, I am of the opinion that this court's opinion on the appeal of In re Harper's Estate, 124 Mont. 52, 218 Pac. (2d) 927, is controlling on the appeal in the instant case.

Accordingly Anna O'Grady's above contract with the Aetna Life Insurance Company should be examined to ascertain whether or not it is a contract involving "life insurance risk" or one involving only an "investment risk."

It is quite obvious that the Aetna Life Insurance Company in issuing the contract took no risk contingent upon the death of the annuitants named therein except that the last surviving annuitant might eventually outlive his or her computed life expectancy.

No estate is created by the death of any of the three named annuitants. The single goal here sought to be achieved is the liquidation of an estate. There were no death benefits which could be termed insurance proceeds payable at death. Investment was the prime object. The value of the payments to be made to Lucy Wheeler, the last surviving annuitant, not being the result of proceeds of insurance payable upon the death of a person are not exempt from inheritance taxation.

The majority opinion failed to consider this court's opinion in the case of In re Harper's Estate, supra. In my opinion the order of the District Court should be reversed and the value of the payments to the remaining annuitant should be subject to inheritance tax under the statute.